IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAWN L. EUBANKS, SR.,

                    Plaintiff,                          OPINION AND ORDER

        v.                                              18-cv-991-wmc

JACOB DORN, GWENDOLYN VICK,
BRIAN FOSTER, ANTHONY MELI,
KYLE TRITT, and SERGEANT BEAHM,

                    Defendants.

Plaintiff Shawn Eubanks, an inmate at Waupun Correctional Institution ("Waupun"), is proceeding in this civil action under 42 U.S.C. § 1983, against three Waupun employees, on Eighth Amendment claims arising from an April 2018 incident in which his hand was squeezed in a cell slot. Now before the court is defendants' unopposed motion to transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1404. (Dkt. #27.) Since Eubanks does not oppose the transfer, and a transfer serves the parties, witnesses and the interest of justice, the court will grant defendants' motion and transfer this case.

OPINION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue of this case would have been proper in the Eastern District of Wisconsin, since the events comprising Eubanks' claims occurred at Waupun, which lies in the Eastern District of Wisconsin. The

convenience inquiry focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Since the events comprising Eubanks claims arose at Waupun, where Eubanks remains incarcerated, all three defendants reside within the Eastern District (*see* dkt. #27, at 2), and it is likely that any witnesses reside in or near the Eastern District, a trial in that district court is more convenient. Eubanks has not opposed the transfer and the court cannot conceive how it would be more convenient for him to litigate this case in this court.

As for the interest of justice, this inquiry "relates to the efficient administration of the court system," in particular focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. This factor is neutral or weighs slightly in favor of transfer, since this court and the Eastern District of Wisconsin are equally equipped to address the substance of plaintiff's claims, and the community in the Eastern District may have a greater interest in resolving matters involving Waupun Correctional Institution. Therefore, the court concludes that transfer of this case to the Eastern District of Wisconsin is warranted under § 1404(a).

ORDER

IT IS ORDERED that:

1) Defendants' motion to transfer (dkt. #27) is GRANTED.

2) Pursuant to 28 U.S.C. § 1404(a), this case is TRANSFERRED to the Eastern

   District of Wisconsin.

   Entered this 16th day of February, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge