UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN EUBANKS,

    Plaintiff,

v.                                                                               Case No. 22-C-195

JACOB DORN, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Shawn Eubanks, who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983. He is proceeding on an excessive force claim against Defendant Jacob Dorn based on allegations that he squeezed Eubanks' hand in his cell door's trap, causing significant pain and a laceration. He is also proceeding on failure to intervene and deliberate indifference claims against Defendant Gwendolyn Vick based on allegations that she watched Dorn injure Eubanks' hand and did nothing to stop him and that she delayed treating Eubanks' injury for several hours. Finally, Eubanks is proceeding on a deliberate indifference claim against Defendant Kyle Tritt based on allegations that Tritt ignored Eubanks' requests that he reconsider the necessity of the back-of-the-cell restriction Dorn had imposed on Eubanks, given the significant pain it caused Eubanks. Dkt. No. 21.

On April 1, 2022, Defendants moved for partial summary judgment on the ground that Eubanks failed to exhaust the available administrative remedies in connection with his claims against Vick and Tritt. Dkt. No. 38. On May 23, 2022, Eubanks notified the Court that it could

decide the motion without his input. Dkt. No. 44. The Court will grant Defendants' motion as to Tritt and will deny it as to Vick.

## BACKGROUND

At the relevant time, Eubanks was housed at Waupun, where Dorn worked as a correctional officer, Vick worked as a nurse, and Tritt worked as a captain. On April 25, 2018, the institution complaint examiner (ICE) office received an inmate complaint from Eubanks. Eubanks' brief description of the issue was: "My hand was crushed in the trap of my cell door by C.O. Dorn." In describing the details of his complaint, he stated:

> At approx. 8:10-8:30 I was being seen by RN Gwendolyn Vick at my cell front concerning a left hand injury. Nurse Vick asked if I would like to be pulled out to have new bandages placed on my injuries. I responded, 'yes.' C.O. Dorn then placed the keys in the trap door lock and proceeded to open the door. When I placed my hands out to be cuffed, C.O. Dorn then forced the door closed, crushing my hand in the trap. Upon observing my hand, it was swollen with a deep laceration, and blood spilling from it. . . .

Dkt. No. 40-2 at 10.

Eubanks goes on to explain that he withdrew into his cell and pressed his emergency call button. He states that, hours later, he was pulled from his cell and escorted to the health services unit where Vick treated his laceration. Dkt. No. 40-2 at 11.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported

2

motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Eubanks was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin inmates may use the inmate complaint review system to raise issues they have with staff actions. Wis. Admin. Code §DOC 310.06(1). Each inmate complaint "may contain

3

only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.* at §DOC 310.07(5)-(6). The Code is not specific about what information will be considered "sufficient." The Seventh Circuit has explained that "[w]hen the applicable regulations provide little guidance regarding the required contents of a prisoner administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citations omitted). Thus, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of, and opportunity to correct, a problem.'" *Id.* (citations omitted).

Eubanks agrees that he did not file an inmate complaint about his back-of-the-cell restriction or Tritt's failure to consider whether that restriction was necessary in light of the pain it caused him. Because Eubanks failed to provide his institution with notice of that claim, the Court concludes that Eubanks did not exhaust the administrative remedies before filing his claim against Tritt. Accordingly, Tritt is entitled to summary judgment.

Vick, however, has not carried her burden of proving that Eubanks failed to give the institution notice of her involvement in the incident at issue. In the inmate complaint, Eubanks states that Vick was present when Dorn allegedly squeezed his hand in the trap. He also states that she did not treat his injury until hours later. Defendants argue that Eubanks' brief one-sentence description of the issue, which mentions only Dorn's alleged misconduct, failed to provide the institution with notice of Vick's alleged wrongdoing. But Defendants offer no explanation why the institution was at liberty to ignore the specific references to Vick that Eubanks set forth in his more complete description of the issue. Reviewing Eubanks' narrative, it was sufficient to provide the institution notice of Vick's involvement. *See, e.g., Henry v. Deshler*, No. 20-2185, 2021 WL

4

2838400, at *2 (7th Cir. July 8, 2021). Accordingly, given that Eubanks provided the institution with notice of Vick's alleged misconduct, the Court concludes that he exhausted the administrative remedies on his claims against Vick. Vick's motion for summary judgment is therefore denied.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion for partial summary judgment on exhaustion grounds as to Tritt but **DENIES** the motion as to Vick (Dkt. No. 37). Eubanks' claim against Tritt is **DISMISSED without prejudice** based on Eubanks' failure to exhaust the available administrative remedies.

Dated at Green Bay, Wisconsin this 8th day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge